# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| Richard Mack,<br><br>            Plaintiff,<br><br>vs.<br><br>The Lincoln National Life Insurance Company,<br><br>            Defendant. | Case No. 22-cv-2293<br><br>**COMPLAINT** |

Plaintiff, for his Complaint against Defendant, states and alleges:

1.	This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 1132(e)(1) and (f) of the Employee Retirement Income Security Act of 1974 ("ERISA") over this claim for disability benefits under a plan governed by ERISA, 29 U.S.C. § 1001 et seq. over this claim for disability benefits under a plan governed by Minnesota law.

2.	Venue is proper in this district pursuant to 29 U.S.C. § 1132 (e)(2)[1], because Defendant Insurer may be found in this district. In particular, The Lincoln National Life Insurance Company is registered as a corporation with the State of Minnesota, conducts ongoing business with Minnesota residents, employs Minnesota residents, has extensive contacts within Minnesota, and accordingly is found within Minnesota.

3.	On information and belief, Defendant The Lincoln National Life Insurance Company underwrites the employee benefit plan ("Plan") that VPR Personnel, LLC created and maintains to provide its employees with income protection should they become disabled.

4.	The Lincoln National Life Insurance Company ("Defendant") is a stock insurance company domiciled in the state of Pennsylvania, with its principal place of business at 8801 Indian Hills Drive, Omaha, NE 68114-4066.

5.	Plaintiff is a citizen of the United States, resident of the State of Virginia, an employee of VPR Personnel, LLC, and a participant in the Plan.

6.	The Plan provides a mechanism for administrative appeals of benefit denials. Plaintiff has exhausted all such appeals.

---

[1] 29 U.S.C. § 1132 (e)(2) states "Where an action under this subchapter is brought in a district court of the United States, it may be brought in the district … where a defendant resides or may be found…"

7. On information and belief, Plaintiff was covered at all relevant times under group disability policy number 000010228569 which was issued by The Lincoln National Life Insurance Company to VPR Personnel, LLC to insure the participants of the Plan. A copy of the policy is attached as Exhibit A.

8. On information and belief, The Lincoln National Life Insurance Company both funds the Plan and decides whether participants will receive benefits under the Plan. Accordingly, The Lincoln National Life Insurance Company has a conflict of interest, which must be considered when determining whether its denial of Plaintiff's benefits was proper.[2]

9. The Lincoln National Life Insurance Company interest in protecting its own assets influenced its decision to deny Plaintiff's application for disability benefits.

10. The Plan is an ERISA welfare benefit plan.

11. Under the Plan, a participant who meets the definition of "disabled" is entitled to disability benefits paid out of the Plan assets.

---

[2] "[A]n entity that is both the claims administrator and payor of benefits has a conflict of interest." *Jones v. Mountaire Corp. Long Term Disability Plan*, 542 F. 3d 234, 240 (8th Cir. 2008). Moreover, as the Supreme Court has held, "that conflict **must be weighed as a factor** in determining whether there is an abuse of discretion." *Metro. Life Ins. Co. v. Glenn*, 128 S. Ct. 2343, 2348 (2008) (emphasis added).

12. Plaintiff became disabled under the terms of the Plan's policy on or about July 5, 2019 and continues to be disabled as defined by the Plan. Accordingly, Plaintiff is entitled to benefits under the terms of the Plan.

13. Plaintiff submitted a timely claim to The Lincoln National Life Insurance Company for disability benefits.

14. The Lincoln National Life Insurance Company initially approved Disability benefits commencing with short term disability on October 6, 2019 and ongoing benefits until its denial dated May 13, 2021.

15. The Lincoln National Life Insurance Company denied Plaintiff's claim for disability benefits on May 13, 2021. Plaintiff appealed Defendant's decision, but Defendant ultimately issued a final denial of Plaintiff's appeal on August 12, 2022.

16. Plaintiff provided The Lincoln National Life Insurance Company with substantial medical evidence demonstrating he was eligible for disability benefits, including but not limited to:

   a. A Functional Capacity Evaluation ("FCE") that objectively tested Plaintiff's ability to perform work duties found Plaintiff unable to perform full-time work at the level required of his Occupation under the relevant disability policy;

    b. Narrative reports from Plaintiff's treating providers that concluded Plaintiff was unable to perform his Occupational requirements;

    c. Substantial medical records confirming the findings of the FCE and opinions of the treating providers.

17. The Lincoln National Life Insurance Company's decision to deny disability benefits was not supported by the weight of the evidence and it failed to perform a proper review of the claim.

    a. The Lincoln National Life Insurance Company relied on the opinion of a medical professional who was financially biased by their relationship with The Lincoln National Life Insurance Company and as such unable to offer an unbiased opinion;

    b. The Lincoln National Life Insurance Company relied on the opinion of a medical professional that was not supported by substantial evidence in the claim file, and was inconsistent with the overall evidence in the record;

    c. The Lincoln National Life Insurance Company ignored obvious medical and vocational evidence and took selective evidence out of context as a means to deny Plaintiff's claim;

18. The Lincoln National Life Insurance Company abused its discretion in denying Plaintiff's claim.

19. The Lincoln National Life Insurance Company's decision to deny benefits was wrong under the terms of the Plan.

20. The decision to deny benefits was not supported by substantial evidence in the record.

21. The Lincoln National Life Insurance Company's failure to provide benefits due under the Plan constitutes a breach of the Plan.

22. The Lincoln National Life Insurance Company's failure to provide Plaintiff with disability benefits has caused Plaintiff to be deprived of those benefits from May 13, 2021 to the present. Plaintiff will continue to be deprived of those benefits, and accordingly will continue to suffer future damages in an amount to be determined.

23. The Lincoln National Life Insurance Company's denial of benefits under the Plan has caused Plaintiff to incur attorneys' fees and costs to pursue this action. Pursuant to 29 U.S.C. § 1132(g)(1), Defendants should pay these costs and fees.

24. A dispute now exists between the parties over whether Plaintiff meets the definition of "disabled" under the terms of the Plan. Plaintiff requests that the Court declare he fulfills the Plan's definition of "disabled," and is accordingly entitled to all benefits available under the Plan. Plaintiff further requests reimbursement of all expenses and premiums he paid for benefits under the Plan

from the time of denial of benefits to the present. In the alternative of the aforementioned relief, Plaintiff requests that the Court remand and instruct The Lincoln National Life Insurance Company to adjudicate Plaintiff's claim in a manner consistent with the terms of the Plan.

WHEREFORE, Plaintiff respectfully requests the following relief against Defendant:

1. A finding in favor of Plaintiff against Defendant;

2. Pursuant to 29 U.S.C. § 1132(a)(1)(B), damages in the amount equal to the disability income benefits to which Plaintiff is entitled through the date of judgment;

3. Prejudgment and postjudgment interest, calculated from each payment's original due date through the date of actual payment;

4. Any Plan benefits beyond disability benefits that Plaintiff is entitled to while receiving disability benefits;

5. Reimbursement of all expenses and premiums Plaintiff paid for benefits under the Plan from the time of denial of benefits to the present.

6. A declaration that Plaintiff is entitled to ongoing benefits under the Plan so as long as Plaintiff remains disabled under the terms of the Plan;

7. Reasonable costs and attorneys' fees incurred in this action;

8. Any other legal or equitable relief the Court deems appropriate.

Dated: 09/21/2022                  RESPECTFULLY SUBMITTED

By: _s/_ Evan Sanford_____
Michael Kemmitt (MN Bar # 0398423)
Evan Sanford (MN Bar # 0398522)
Patrick Kramer (MN Bar # 0396875)
**KEMMITT, SANFORD, & KRAMER**
331 2nd Ave S., #411
Minneapolis, MN 55401
Office: (612) 230-4585
michael@ksk.law
evan@ksk.law
patrick@ksk.law

*Attorneys for Plaintiff*